**U.S. Department of Justice**



*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                                    *973/645-2700*
*Newark, NJ 07102*

RDW/PL ACR
2005R00258

**RECEIVED**

August 9, 2006   SEP 12 2006

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

Gerald Shargel, Esq.
570 Lexington Avenue
New York, N.Y. 10022

Re:  <u>Plea Agreement with Luisa Medrano</u>   05-148(JAP)-04

Dear Mr. Shargel:

        This letter sets forth the plea agreement between your client, Luisa Medrano, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

        Conditioned on the understandings specified below, this Office will accept a guilty plea from Luisa Medrano to Counts 24 and 25 of the Indictment, Crim. No. 05-148, which charge Harboring Illegal Aliens for the purpose of commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i), as well as, Count 2 of a three-count information, which charges Luisa Medrano with attempting to evade tax in connection with her 2001, 2002 and 2003 individual tax returns, in violation of 26 U.S.C. § 7201.[1]  If Luisa Medrano enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Luisa Medrano for her involvement in a conspiracy to harbor young Honduran females who had been smuggled into the United States illegally to work in bars in Hudson County, New Jersey, where the Honduran females would be forced to work in the bars until they had paid off their smuggling fee, from in or about April 2003 through on or about January 20, 2005.  In addition, this Office will not initiate any further criminal charges against Luisa Medrano for tax violations for the tax

---

        [1]  This plea agreement is subject to the approval of Department of Justice's Tax Division.

years 2001 through 2003.  Furthermore, if Luisa Medrano fully
complies with all of the terms of this agreement, at the time of
sentencing in this matter, this Office will move to dismiss
Counts 1, 4 through 11, 16, and 26 through 31 of the Indictment,
Criminal No. 05-148, against Luisa Medrano, and Counts 1 and 3 of
the Information, against Luisa Medrano.  However, in the event
that the judgment of conviction entered as a result of this
guilty plea does not remain in full force and effect, any
dismissed charges and any other charges that are not time-barred
by the applicable statute of limitations on the date this
agreement is signed by Luisa Medrano may be commenced against
her, notwithstanding the expiration of the limitations period
after Luisa Medrano signs the agreement.  Luisa Medrano agrees to
waive any statute of limitations with respect to any crime that
would otherwise expire after Luisa Medrano signs the agreement.

<u>Sentencing</u>

        The violations of 8 U.S.C. § 1324 to which Luisa
Medrano agrees to plead guilty each carry a statutory maximum
prison sentence of 10 years.  The violation of 26 U.S.C. § 7201
to which Luisa Medrano agrees to plead guilty carries a statutory
maximum prison sentence of 5 years.  The sentence on each count
may run consecutively.  All three violations carry a statutory
maximum fine equal to the greatest of: (1) $250,000; (2) twice
the gross amount of any pecuniary gain that any persons derived
from the offense; or (3) twice the gross amount of any pecuniary
loss sustained by any victims of the offense.  Fines imposed by
the sentencing judge may be subject to the payment of interest.

        The sentence to be imposed upon Luisa Medrano is within
the sole discretion of the sentencing judge, subject to the
provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742,
and the sentencing judge's consideration of the United States
Sentencing Guidelines.  The United States Sentencing Guidelines
are advisory, not mandatory.  The sentencing judge may impose any
reasonable sentence up to and including the statutory maximum
term of imprisonment and the maximum statutory fine.  This Office
cannot and does not make any representation or promise as to what
guideline range may be found by the sentencing judge, or as to
what sentence Luisa Medrano ultimately will receive.

        Further, in addition to imposing any other penalty on
Luisa Medrano, the sentencing judge:  (1) will order Luisa
Medrano to pay an assessment of $100 per count pursuant to 18
U.S.C. § 3013, which assessment must be paid by the date of
sentencing; (2) may order Luisa Medrano to pay restitution
pursuant to 18 U.S.C. § 3663 <u>et</u> <u>seq.</u>; (3) may order Luisa

Medrano, pursuant to 18 U.S.C. § 3555, to give notice to any
victims of her offenses; (4) may order Luisa Medrano to pay the
costs of prosecution; (5) must order forfeiture, pursuant to 18
U.S.C. § 982; and (6) pursuant to 18 U.S.C. § 3583, may require
Luisa Medrano to serve a term of supervised release of not more
than three years, which will begin at the expiration of any term
of imprisonment imposed.  Should Luisa Medrano be placed on a
term of supervised release and subsequently violate any of the
conditions of supervised release before the expiration of its
term, Luisa Medrano may be sentenced to not more than two years'
imprisonment in addition to any prison term previously imposed,
regardless of the statutory maximum term of imprisonment set
forth above and without credit for time previously served on
post-release supervision, and may be sentenced to an additional
term of supervised release.

        Luisa Medrano agrees that as part of her acceptance of
responsibility and pursuant to Title 18 U.S.C. § 982, she will
forfeit to the United States the following two parcels of real
property owned by Luisa Medrano, which consists of all that lot
or parcel of land, together with its buildings, appurtenances,
improvements, fixtures, attachments and easements, located at:
(1) 75 68th Street, Guttenberg, New Jersey 07093 in Hudson
County, New Jersey, more particularly described as, Lot number 8,
Block 33, District 10 [hereinafter referred to as the 68th Street
property]; and (2) 2604 New York Avenue, Union City, New Jersey
07087 in Hudson County, New Jersey, more particularly described
as, Lot number 3, Block 150, District 10 [hereinafter referred to
as the New York Avenue property].  The United States, in its sole
discretion, may agree prior to sentencing to accept a cash
distribution from Luisa Medrano in lieu of seizing the above
referenced properties at 68th Street and New York Avenue.  This
cash distribution must be paid in full prior to sentencing or the
United States will proceed with the forfeiture of the 68th Street
and New York Avenue properties.  It is agreed that the two
properties being forfeited were used to facilitate the commission
of the Harboring crimes to which Luisa Medrano has agreed to
plead guilty, and therefore are subject to forfeiture.  Luisa
Medrano hereby waives any and all claims that this forfeiture
constitutes an excessive fine and agrees that this forfeiture
does not violate the Eighth Amendment.  Upon satisfaction of the
forfeiture of the 68th Street and New York Avenue properties, or
the cash distribution in lieu of the forfeitures of those
properties, the United States will relinquish any claims to all
that lot or parcel of land, together with its buildings,
appurtenances, improvements, fixtures, attachments and easements,
located at 509 22nd Street, Union City, New Jersey 07087 in

- 3 -

Hudson County, New Jersey, more particularly described as Lot number 9, Block 114, District 10.

Ιn addition, Luisa Medrano agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses, to the victims of her offenses in an amount to be determined by the Court.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Luisa Medrano by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Luisa Medrano's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Luisa Medrano agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Luisa Medrano from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not

- 4 -

restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Luisa Medrano waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Luisa Medrano. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Luisa Medrano.

Luisa Medrano agrees that as part of her acceptance of responsibility, prior to the date of sentencing, Luisa Medrano shall: (1) sign Internal Revenue Service Form 870 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax) relating to the tax years 2001, 2002 and 2003, which would be in lieu of filing amended personal returns for calendar years 2001, 2002 and 2003; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Luisa Medrano agrees to allow the contents of her IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Luisa Medrano. With respect to disclosure of the criminal file to the Internal Revenue Service, Luisa Medrano waives any rights under

- 5 -

Title 26, United States Code, Section 7213 and Fed. R. Crim. P.
6(e), and any other right of privacy with respect to Luisa
Medrano's tax returns and return information.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between
Luisa Medrano and this Office and supersedes any previous
agreements between them. No additional promises, agreements, or
conditions have been made or will be made unless set forth in
writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: RONALD D. WIGLER
Senior Litigation Counsel
Assistant U.S. Attorney

BY:  DEBORAH J. GANNETT
Assistant U.S. Attorney

BY:  CAMELIA M. VALDES
Assistant U.S. Attorney

APPROVED:

MARK J. McCARREN, Chief
Public Protection Unit

        I have received this letter from my attorney, Gerald
Shargel, Esq., it has been translated for me into Spanish, and I
understand it fully.  I hereby accept the terms and conditions
set forth in this letter and acknowledge that it constitutes the
plea agreement between the parties.  I understand that no
additional promises, agreements, or conditions have been made or
will be made unless set forth in writing and signed by the
parties.

AGREED AND ACCEPTED:


_____                Date: 9-7-06
Luisa Medrano


_____                Date: 9/11/06
Gerald Shargel, Esq.



                        - 7 -

<u>Plea Agreement With Luisa Medrano</u>

<u>Schedule A</u>

1.  This Office and Luisa Medrano recognize that the
United States Sentencing Guidelines are not binding upon the
Court.  This Office and Luisa Medrano nevertheless agree to the
stipulations set forth herein, and agree that the Court should
sentence Luisa Medrano within the Guidelines range that results
from the total Guidelines offense level set forth below.  This
Office and Luisa Medrano further agree that neither party will
argue for the imposition of a sentence outside the Guidelines
range that results from the agreed total Guidelines offense
level.

2.  The version of the United States Sentencing
Guidelines effective November 1, 2005 applies in this case.

<u>Group One:   Harboring – Counts 24 & 25</u>

3.  The applicable guideline for the Harboring offenses
is U.S.S.G.§ 2L1.1(a)(2).  This guideline carries a Base Offense
Level of 12.

4.  Specific Offense Characteristic § 2L1.1(b)(2)(A)
applies (the offense involved the smuggling, transporting or
harboring of at least six but not more then twenty-four unlawful
aliens).  This Specific Offense Characteristic results in an
increase of 3 levels.

5.  The parties agree that defendant Luisa Medrano knew
or should have known that a victim of the offense was a
vulnerable victim and therefore a 2 level increase pursuant to
U.S.S.G. § 3A1.1(b)(1) applies.

6.  Luisa Medrano had neither an aggravating role nor a
mitigating role in the offense, and therefore no adjustment
pursuant to either § 3B1.1 or § 3B1.2 is appropriate.

7.  The Adjusted Offense Level (subtotal) for the
Harboring offenses is 17.

## Group Two: Tax Evasion - Count 2 of Information

8.   The applicable guideline for Tax Evasion is U.S.S.G. § 2T1.1.  Since there is a tax loss, the Base Offense Level is determined by the Tax Table found at guideline § 2T4.1.

9.   This Office and Luisa Medrano agree that Luisa Medrano failed to report a total of $762,700.65 in personal income for years 2001, 2002 and 2003.  This resulted in a $247,239.00 loss of tax revenue to the Government.  The offense of conviction pertains to 2002, however, losses associated with tax years 2001 and 2003 are to be included in the loss calculation pursuant to U.S.S.G. § 1B1.3 as relevant conduct.

10.   This Office and Luisa Medrano agree that the Tax Loss for the tax years 2001 through 2003 is $247,239.00 which corresponds to an Offense Level 18 as set forth in § 2T4.1 [more than $200,000 and less than $400,000].

11.   The Adjusted Offense Level (subtotal) for the Tax Evasion offense is 18.

## Multiple Count Adjustment/Grouping

12.   Pursuant to U.S.S.G. § 3D1.2, the two Harboring offenses are to be grouped.

13.   Pursuant to U.S.S.G. § 3D1.4: the Tax Evasion offense, which has a total offense level of 18 is counted as one unit; the Harboring offenses, which have a total offense level of 17 are counted as one unit.  The total number of units is 2 units which increase the Offense Level by 2 levels.  As such, the Combined Adjusted Offense Level is 20.  See U.S.S.G. §§ 3D1.1, 3D1.2 and 3D1.4.

## Acceptance of Responsibility

14.   As of the date of this letter, Luisa Medrano has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Luisa Medrano's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

15.   As of the date of this letter, Luisa Medrano has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.   If Luisa Medrano enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Luisa Medrano's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Luisa Medrano will be entitled to a further 1-point reduction in her offense level pursuant to U.S.S.G. § 3E1.1(b).

Total Guidelines Offense Level

16.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to Luisa Medrano is 17 (the "agreed total Guidelines offense level").

17.   The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein.   The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 17 is reasonable.

Waiver of Appeal

18.   Luisa Medrano knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17.   This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an

- 10 -

appeal, collateral attack, writ, or motion claiming that the
sentencing court erred in doing so.

19.   Both parties reserve the right to oppose or move
to dismiss any appeal, collateral attack, writ, or motion barred
by the preceding paragraph and to file or to oppose any appeal,
collateral attack, writ or motion not barred by the preceding
paragraph.