CHRISTOPHER J. CHRISTIE
United States Attorney
BY:   RONALD D. WIGLER
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2822

RECEIVED
SEP 1 3 2006
AT 8:30
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joel A. Pisano |
| v | : | Criminal No. 05-148(JAP) |
| LUISA MEDRANO | :<br>:<br>: | CONSENT JUDGMENT AND<br>PRELIMINARY ORDER OF<br>FORFEITURE |

WHEREAS, the defendant, Luisa Medrano having pled guilty to Count 24 and 25 of the Indictment on September 12, 2006 for violations of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i); and

WHEREAS, pursuant to 18 U.S.C. § 982 (a)(6)(A) the Court in imposing sentence on a person convicted of an offense in violation of 8 U.S.C. §1324 shall order that person to forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property; and

WHEREAS, the defendant, Luisa Medrano, agreed that pursuant to her plea agreement and as part of her acceptance of responsibility, she will forfeit the following two properties:

a)   All lot and parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 75 68th Street, Guttenburg, New

Jersey 07093 in Hudson County, New Jersey, more particularly described as, Lot number 8, Block 33, District 10 (hereinafter referred to as the 68th Street property); and

b)      All lot and parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2604 New York Avenue, Union City, New Jersey 07087 in Hudson County, New Jersey, more particularly described as, Lot number 3, Block 150, District 10 (hereinafter referred to as the New York Avenue property).

**WHEREAS**, the United States, in its sole discretion, may agree prior to sentencing to accept a cash distribution from Luisa Medrano in lieu of seizing the 68th Street and New York Avenue properties. This cash distribution must be paid in full prior to sentencing or the United States will proceed with the forfeiture of the 68th Street and New York Avenue properties.

Said property constitutes the proceeds derived directly or indirectly as a result of the violations of 8 U.S.C. § 1324, which constitutes property used and intended to be used in any manner to commit and facilitate the commission of the offense subjecting all the above-referenced property to forfeiture pursuant to 18 U.S.C. 982(A)(6)(A); and

**WHEREAS,** upon satisfaction of the forfeiture of the 68th Street and New York Avenue properties, or the cash distribution in lieu of the forfeitures of those properties, the United States will relinquish any claims to all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 509 22nd Street, Union City, New Jersey 07087 in Hudson County, New Jersey, more particularly described as Lot number 9, Block 114, District 10 (hereinafter referred to as the 22nd Street property).

**WHEREAS,** by virtue of the above, the United States is now entitled to possession of the following pursuant to 18 U.S.C. § 982 and Rule 32.2 of the Federal Rules Criminal Procedure:

2

a) All lot and parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, at the 68th Street property; and

b) All lot and parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, at the New York Avenue property; and

**WHEREAS**, the defendant, Luisa Medrano, specifically acknowledges notice of the criminal forfeiture, consents to the entry of a preliminary order of forfeiture, and waives her right to be present and heard on the timing and form of this order pursuant to Fed. R. Crim. P. 32.2 and 43(a); and

**WHEREAS**, the defendant, Luisa Medrano, agrees that she will not present an argument to the Court that the forfeiture of the above-referenced property is grossly disproportionate and thereby excessive within the meaning of the Eighth Amendment of the United States Constitution; and

It is hereby ORDERED, ADJUDGED AND DECREED:

**THAT** the herein described assets, namely:

a) All lot and parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, at the 68th Street property; and

b) All lot and parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at the New York Avenue property; are hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 982; and

**THAT**, the United States, in its sole discretion, may agree prior to sentencing to accept a cash distribution from Luisa Medrano in lieu of seizing the 68th Street and New York Avenue

properties. This cash distribution must be paid in full prior to sentencing or the United States will proceed with the forfeiture of the 68th Street and New York Avenue properties;

**THAT,** upon satisfaction of the forfeiture of the 68th Street and New York Avenue properties, or the cash distribution in lieu of the forfeitures of those properties, the United States will relinquish any claims to all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, at the 22nd Street property.

**THAT** the aforementioned forfeited properties are to be held by the Department of Treasury- Bureau of Immigration and Customs Enforcement in their secure custody and control; and

**THAT** pursuant to 18 U.S.C. § 982, the Department of Treasury-Bureau of Immigration and Customs Enforcement forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Department of Treasury's intent to dispose of the properties in such a manner as the Attorney General may direct and notice that any person, other then the Defendant, having or claiming a legal interest in any of the above-listed forfeited properties must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's rights, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Forfeiture Order, as a substitute for published notice as to those persons so notified; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982, in which all interests will be addressed.

**ORDERED** this 12th day of September, 2006

_____
Honorable Joel A. Pisano
United States District Court Judge

We consent to the form and entry of
this Consent Judgment and Order of Forfeiture:

CHRISTOPHER J. CHRISTIE
United States Attorney

_____       Dated: 9/12/06
Ronald D. Wigler
Senior Litigation Counsel
Assistant United States Attorney

_____       Dated: 9/12/06
Gerald Shargel, Esq.
Attorney for Defendant
Luisa Medrano

_____       Dated: 9-7-06
Luisa Medrano

5