# UNITED STATES DISTRICT COURT
## District of New Jersey

RECEIVED
JAN 14 2009
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES OF AMERICA

v.

LUISA MEDRANO

Defendant.

Case Number 05-148(JAP)-01

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, LUISA MEDRANO, was represented by Gerald L. Shargel, Esquire (Retained).

On motion of the United States the court has dismissed count(s) 1, 4-5, 6-11, 16, 26-31, 1s & 3s.

The defendant pled guilty to count(s) 24 & 25 of the Superseding Indictment, and count 2 of the Information on 09-12-2006. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. Section 1324 (a)(1)(A)(iii) | Harboring Illegal Aliens | 07-2004 through 01-2005 | 24 |
| 8 U.S.C. Section 1324 (a)(1)(A)(iii) | Harboring Illegal Aliens | 07-2004 through 01-2005 | 25 |
| 26 U.S.C. Section 7201 | Tax Evasion | On or abut 04-14-2004 | 2 |

As pronounced on 01-14-2009, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100 on each count; total: $300, for count(s) 24 & 25 of the Superseding Indictment & 2 of the Information to run concurrently, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 14th day of January, 2009.

_____
JOEL A. PISANO
United States District Judge

Defendant: LUISA MEDRANO
Case Number: 05-148(JAP)-01

## PROBATION

The defendant is hereby placed on probation for a term of 3 years on counts 24 & 25 of the Superseding Indictment and count 2 of the Information; each count to run concurrently.

While on probation, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below):

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of probation if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs or restitution obligation, it shall be a condition of probation that the defendant pay any such fine, assessment, costs and restitution and shall comply with the following special conditions:

The defendant is to be confined to her residence for a period of 6 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. This home confinement shall not be under the auspices of electronic monitoring.

The defendant shall provide the U.S. Probation Office with full disclosure of her financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income.

The defendant is to fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns within six months of the sentence date and to timely file all future returns that come due during the period of probation. The defendant is to properly report all correct taxable income and claim only allowable expenses on those returns. The defendant is to provide all appropriate documentation in support of said returns. Upon request, the defendant is to furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and the defendant is to fully cooperate by paying all taxes, interest and penalties due, and otherwise comply with the tax laws of the United States.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Defendant: LUISA MEDRANO
Case Number: 05-148(JAP)-01

## STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____  _____
                    Defendant                                                    Date

_____  _____
U.S. Probation Officer/Designated Witness            Date

Defendant: LUISA MEDRANO
Case Number: 05-148(JAP)-01

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
| --- | --- |
| AMV | $120.46 |
| RRF | $120.46 |
| DXN | $120.46 |
| NSO | $120.46 |
| GR | $120.46 |
| PMR | $685.70 |
| WHA | $120.46 |
| SRR | $565.24 |
| LYD | $120.46 |
| AMR | $120.46 |
| A AH | $750.56 |
| PRM | $120.46 |
| IRT | $806.16 |

Payments should be made payable to the U.S. Treasury and forwarded to the Clerk of the Court in Trenton, NJ, for distribution to the victims, whose information is maintained UNDER SEAL and provided to the Court and the Clerk of the Court under separate cover. The restitution is due 12 months from today's date.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.